IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EDMOND HANNAH,

           Petitioner,

v.                                  CIVIL ACTION NO.  5:06-cv-00851
                                    (Criminal No. 5:94-cr-00010)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION**

Pending before the Court is a letter from Petitioner dated September 20, 2006, that was docketed as a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Docket 131].  By Standing Order entered August 1, 2006, and filed in this case on October 3, 2006, this matter was referred to United States Magistrate Judge Mary E. Stanley for the submission of proposed findings and a recommendation (PF&R).  The magistrate judge filed her PF&R [Docket 137] on November 30, 2006.  In that filing, the magistrate judge recommended that the Court construe Petitioner's letter as a successive § 2255 motion and therefore deny it and dismiss the case because Petitioner has not received authorization from the United States Court of Appeals for the Fourth Circuit to file such a motion.

*I.  BACKGROUND*

The factual background and procedural history of this case are set forth more fully in the PF&R.  In short, Petitioner was convicted by a jury of (1) conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846, (2) one

count of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and (3) one count of aiding and abetting the distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to 262 months imprisonment and subsequently denied relief on appeal. *United States v. Hannah*, No. 94-5555, 51 F.3d 269 (4th Cir. Mar. 29, 1995).

Thereafter, on April 28, 1997, Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Honorable Elizabeth V. Hallanan, United States District Judge, granted Petitioner's motion to the extent that his criminal history points and category be corrected, but denied it with respect to all of his other claims. Petitioner appealed, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his case.

On February 10, 2006, Petitioner filed a motion with the Fourth Circuit for authorization to file a second or successive application for relief pursuant to 28 U.S.C. § 2255, which was also denied. *In re Hannah*, No. 06-235 (4th Cir. Feb. 8, 2006). Petitioner then sent the aforementioned letter to this Court.

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

2

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, pursuant to the Court's Order entered on December 22, 2006, objections to Magistrate Judge Stanley's PF&R were due by January 2, 2007. Although Petitioner's objections were filed on January 5, 2007, because he signed and delivered his objections for forwarding on December 30, 2006, they are considered timely. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (documents filed by *pro se* prisoners are considered filed as of the day they are delivered to prison officials for forwarding to the Court). Petitioner also sent a letter to the Court on July 16, 2007 [Docket 141], which the Court will construe as a supplemental objection to the PF&R.

### *III. PETITIONER'S OBJECTIONS*

Petitioner raises two arguments in his objections. First, Petitioner objects to the magistrate judge's proposed finding that his letter amounts to a successive § 2255 motion. Instead, Petitioner argues that Judge Stanely should have construed the letter as a Rule 60(b)(2) motion. He argues that this Court should address the "newly discovered evidence" in his criminal case. Specifically, Petitioner contends that an informant who testified at his trial was allegedly unable to work for the Government without written approval that he did not obtain because the informant was on probation at the time he worked for the Government. Additionally, in his second letter, he objects and notes that despite repeated efforts to correct his presentence report to reflect Judge Hallanan's change to his criminal history points and category, no such change has been made.

Beginning with Petitioner's second objection, no change was made to his presentence report because the probation office never received a copy of Judge Hallanan's order instructing it to adjust his criminal history category from IV to III. However, once the Court reviewed Petitioner's objections, it brought the issue to the attention of the probation office and that change has since been

made. (*See* Docket 142.) Accordingly, Petitioner's objection to his criminal history points and category is **OVERRULED AS MOOT** because that issue has been resolved.

Next, Petitioner objects to his letter being considered a successive § 2255 motion. Petitioner is attacking the validity of his underlying federal conviction because he argues that the Government did not inform him that a witness-informant at his trial was on probation and unable to work for the Government without approval. A § 2255 motion is the proper and, in most cases, exclusive means for attacking a federal conviction. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) ("Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction."). Despite Petitioner's argument that the letter should be labeled a Rule 60(b)(2) motion, the Court **FINDS** that the letter is not a challenge to an alleged defect in Petitioner's prior civil habeas proceeding, but rather it is an attempt to attack his conviction collaterally. *See generally United States v. Watkins*, No. 2:99-00189-02, 2007 U.S. Dist. LEXIS 48827, at *3-4 (S.D. W. Va. July 5, 2007) (Goodwin, J.). "[R]eview of successive applications for postconviction relief is available in limited circumstances." *Id*. (citing *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003)). The Fourth Circuit has stated: "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Winestock*, 340 F.3d at 203. Accordingly, the Court **FINDS** no error in the magistrate judge's proposed finding that his letter be construed as a § 2255 motion.

"A second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain -- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense." 28 U.S.C. § 2255(h). "Section 2244, in turn, provides that an application may be granted 'only if [the court of appeals] determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.'" *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (quoting 28 U.S.C. § 2244(b)(3)(C)). Subsection § 2244(b)(3) requires: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Therefore, as the magistrate judge concluded, Petitioner's letter is not properly before this Court because the proper forum for his request for a successive § 2255 is with the Fourth Circuit. If a district court determines that a petitioner has filed a successive application, "the court must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit Court of Appeals] so that [it] may perform [its] gatekeeping function under § 2244(b)(3)." *Winestock*, 340 F.3d at 207. Because Petitioner has previously filed an application for a successive § 2255 motion with the Fourth Circuit that was denied, the Court will dismiss the motion for lack of jurisdiction. Should Petitioner appeal this Court's dismissal order, then it will be treated by the Fourth Circuit as another application to file a successive motion under § 2255, *id.* at 208, and Petitioner must meet the requirements of § 2255(h). Thus, Petitioner's objection to the magistrate judge's proposed finding that his letter be construed as a § 2255 motion is **OVERRULED**.

*IV. CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 137], **OVERRULES** Petitioner's Objections [Docket 140 and Docket 141], and **DISMISSES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255

[Docket 131] for lack of jurisdiction.  A Judgment Order will be entered this day implementing the rulings contained herein.

        ENTER:    June 13, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE